GROVER ELLISON V. THE STATE.

No. 16201. Delivered March 28, 1934.
Rehearing Denied (Without Written Opinion) May 9, 1934.

The opinion states the case.

*Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of theft of turkeys, and his punishment assessed at a fine of $100.00.

The testimony shows that in the latter part of June, 1932, Bob Poudrell lost nine turkeys. He began to look for his turkeys and some two weeks later found four at Timpson in the possession of John Todd, which he claimed as some of the turkeys that he had lost. Mr. Todd testified that he bought 8 turkeys from the appellant; that he took one to Shreveport, three died, and he then turned the other four over to Bob Poudrell. Poudrell testified that he took said four turkeys home and when night came they went to roost in the usual roosting place; that the turkeys were not marked but were of the same size and color of those which he had lost. The appellant did not testify, but he proved by his wife that she raised 8 turkeys and as they were getting into her father's melon patch he, the father, requested the appellant to dispose of the turkeys, which he did. The father of Mrs. Ellison testified to the same facts. Doc Holcomb testified that in February, 1932, he sold to appellant a sitting of turkey eggs. Several other parties testified that in the late spring and early summer of 1932 they saw some young turkeys on the appellant's premises near his home on different occasions. Levi Poudrell testified that in the early spring of 1932 he rode up to the appellant's home and saw Mrs. Ellison taking off some small turkeys which had just been hatched. The State proved by the officers that they went to the appellant's home on three or four occasions with a view of arresting him, but could not find him at home; that when they did arrest him they saw him at the home of his father; that when they approached the home they saw him walking across the hallway barefooted and bareheaded and when they entered the house they could not find him in any of the rooms but finally found him up in the attic.

The appellant filed a number of written objections to the court's charge, but after a careful examination of the court's charge and the objections addressed thereto, we are of the opinion that the charge of the court is not subject to the objections. Appellant's main objection is addressed to that part of the court's charge which reads as follows: "It has been stated in your presence by defendant's attorney that the defendant has at some time heretofore been in the penitentiary. You will not consider this fact for any purpose in passing upon any issue in this case." The appellant in his objection to the charge admits that in qualifying the jurors he asked them if the fact that the defendant had theretofore been in the penitentiary would prejudice them against him or if they would consider the same as a circumstance of guilt. It appears to us that the appellant him-

self having informed the jury of the fact that he had theretofore been in the penitentiary, he certainly ought not be permitted to complain of matters being brought to the knowledge of the jurors by himself which may prove hurtful to his case, when the court endeavored to relieve him of the harmful effect which it may have had.

Appellant's bill of exception No. 1 appears to us to be without merit and the same is overruled.

Finding no reversible error in the record, the judgment of the trial court is in all things affrmed.

*Affirmed.*